IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

In re:

Jung Ae Rodgers

Debtor.

Case No. 25-14885 MER

Chapter 7

## ORDER DENYING EMERGENCY MOTION TO DETERMINE STATUS OF 92 HIGHLAND, LLC POST-PETITION DOORDASH PAYOUTS AND MOTION TO SHORTEN TIME

THIS MATTER comes before the Court on the Emergency Motion to Determine Status of 92 Highland, LLC Post-Petition DoorDash Payouts and to Authorize One-Time Interim Owner Compensation; or, in the Alternative, to Compel Immediate Partial Release ("**Emergency Motion**") and the Motion to Shorten Time filed by the Debtor.[1]

The Debtor commenced this case under Chapter 7 of the Bankruptcy Code on August 4, 2025. The Debtor asserts he is the sole member of 92 Highland, LLC ("**Highland**"). The Debtor filed the instant Motions on September 26, 2025, asserting DoorDash, Inc. ("**DoorDash**") and its payment processor, Stripe, Inc. ("**Stripe**") are withholding post-petition payments owed to Highland. As such, the Debtor requests the Court enter an order authorizing a one-time release of $4,000 ("**Proceeds**") to Highland for "owner-labor/essentials."[2] The Debtor also requests the Court shorten the notice period for the Emergency Motion.

The Debtor has not established that the Proceeds are property of his bankruptcy estate, nor has he established that DoorDash or Stripe are creditors, or that the automatic stay is implicated.[3] As such, the Court cannot find it has the authority to order DoorDash or Stripe to release the Proceeds to the Debtor.[4] Therefore the Court

ORDERS the Emergency Motion and Motion to Shorten Time are DENIED.

---

[1] ECF Nos. 25 & 26.

[2] ECF No. 25 at 1.

[3] 11 U.S.C. §§ 362(a) & 541(a). The Court also notes it appears neither DoorDash nor Stripe received notice of the Motion as required by L.B.R. 9013-1.

[4] *In re Tanner*, 442 B.R. 863, 865 (Bankr. W.D. Va. 2010) ("a bankruptcy court's jurisdiction does not extend to property that is not part of a debtor's estate . . . accordingly, the Court may only adjudicate matters that involve property of the state . . .").

Dated October 10, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

2